# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC,
Appellant,
vs.
LEONARD MESSINA,
Respondent.

No. 68603

FILED

DEC 02 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING*

This is an appeal from a grant of summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

This case arises from a nonjudicial foreclosure of a homeowners' association lien for delinquent assessments. In *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1114 (2016), this court recognized that a quiet title action is equitable in nature and, as such, a court must consider the "entirety of the circumstances that bear upon the equities." Factors to consider include whether tender was given, price at the foreclosure sale, and whether there was fraud, unfairness, or oppression.

Here, the district court granted summary judgment in favor of Messina without considering these factors. For example, Nationstar argues that there is a question of whether tender was given by Nationstar's predecessor, and that the sales price was inadequate.

16-37423

Furthermore, the district court did not analyze whether the sale contained elements of fraud, unfairness or oppression.[1]

Thus, we conclude that summary judgment in Messina's favor was not proper because there remain genuine issues of material fact, and we

ORDER the judgment of the district court AFFIRMED IN PART, REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

---

[1]Nationstar's NRCP 56(f) argument is moot in light of our disposition.

[2]Nationstar also argues that the HOA foreclosure sale was improper because the HOA foreclosed on a lien without first obtaining a mediation certificate pursuant to NRS 116.31162(6). Assembly Bill 273 contained language disallowing an association from foreclosing by sale in the event the beneficiary of a first deed of trust was also seeking to foreclose on the property but had not yet completed mediation. The Legislature determined that the statute would not become effective until October 1, 2013, and that the amendatory provisions limiting association foreclosure sales did not apply where the notice of default and election to sell were recorded prior to October 1, 2013. A.B. 273, 77th Leg. (Nev. 2013). This language was included in the Statutes of Nevada. 2013 Nev. Stat., ch. 536, §§ 5-6, at 3484. Nationstar notes that these provisions were not codified in the statutes of Nevada. However, the actual laws of Nevada are contained in the Statutes of Nevada and the Statutes of Nevada control to the extent there are differences between the two that the Legislative Counsel was not authorized to make. See NRS 220.170(3); see also NRS 220.120 (noting that the Legislative Counsel has limited authorization to make changes when compiling, annotating, and publishing the Nevada Revised Statutes—changes to effective dates are not permitted). We further note that Senate Bill 280 also passed in 2013, and that bill added an additional section to NRS 116.31162, changed the numbering of the statute, and did not contain an effective date for those amendments. As a result, the amendatory provisions were codified in NRS 116.31162(6). Because the HOA recorded its notice of default and

*continued on next page...*

_____ , C.J.
Parraguirre

_____ , J.
Hardesty

_____ , J.
Pickering

cc:  Hon. Joseph Hardy, Jr., District Judge
     Craig A. Hoppe, Settlement Judge
     Akerman LLP/Las Vegas
     The Law Office of Mike Beede, PLLC
     Eighth District Court Clerk

---

...*continued*

election to sell on July 20, 2011, we hold that there is no genuine issue of material fact on this issue and the district court did not err when it denied Nationstar's motion to dismiss and then granted summary judgment. We affirm the district court's order with respect to this issue.